### CHICAGO, R. I. & P. Ry. CO. et al. v. HOLLAND.

No. 16175—Opinion Filed April 6, 1926.

**Trial—Instruction Unsupported by Evidence Reversible Error.**

It is reversible error for the court to assume in an instruction the existence of a material fact put in issue by the pleadings, upon which there is no evidence.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Hughes County; Hal Johnson, Assigned Judge.

Action by R. Holland against the Chicago, Rock Island & Pacific Railway Company and H. W. Brown. Judgment for plaintiff, and defendants appeal. Reversed.

W. R. Bleakmore, John Barry, A. T. Boys, and W. F. Collins, for plaintiffs in error.

Anglin & Stevenson, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to as plaintiff and defendants, as they appeared in the trial court, inverse to the order in which they here appear.

This action was commenced in the district court of Hughes county June 19, 1922, by R. Holland, plaintiff, against the Chicago, Rock Island & Pacific Railway Company, a corporation, and H. W. Brown, defendants, to recover damages alleged to have been suffered by the plaintiff by reason of the negligence and carelessness of the defendants in the operation of a locomotive belonging to the defendant corporation, and under the control of the defendant H. W. Brown, which plaintiff alleges collided with his wagon, in which he was riding, at a public street crossing in the city of Holdenville, Okla.

The essential allegations set out in the plaintiff's petition are: That on February 1, 1922, as plaintiff was driving a wagon and team along the public highway leading from a compress in the city of Holdenville, in a northerly direction, at a point where said highway crosses the defendant corporation's tracks, a locomotive belonging to the defendant corporation and operated by the defendant H. W. Brown was carelessly and negligently run into and collided with the plaintiff's wagon, with such force and violence that the plaintiff was thrown therefrom and seriously and permanently injured. The specific acts of negligence set out in the petition are stated:

"(1) That the defendants drove said engine at a high and dangerous rate of speed.

"(2) That no signal was sounded, that is, the bell was not rung or the whistle blown.

"(3) That the track on which the engine was driven was down grade, and the engine was making no noise.

"(4) That there was a high bank or cut and several dwellings and buildings which served as an obstruction to the plaintiff's view of the approaching train or engine.

"(5) That the highway upon which the plaintiff was traveling was a public street in the town of Holdenville, and that a great deal of traffic passed along and over said highway and railroad tracks."

The defendants filed separate answers generally denying the allegations of the plaintiff's petition, and pleading contributory negligence on the part of the plaintiff. The affirmative allegations of the defendants' answers were put in issue by the plaintiff's replies.

On the trial of the case there was some evidence tending to prove the second, third, and fourth charges of negligence set up in the petition. There was no evidence offered tending to show that the engine was driven at a high or dangerous rate of speed, and there was no evidence offered tending to show the volume of travel over said street at the point where the accident occurred. There was nothing to show whether the street at the point in question was a much used street, or whether it was infrequently used. The jury viewed the scene of the accident under the order of the court, but the accident occurred on the first day of February, 1922, and the trial was had on December 13, 1923, and there was no evidence tending to show that the conditions were the same at the time the jury made its observation and at the time of the accident. On this state of the record, over

the objection and exception of the defendants, the court gave to the jury its instruction No. 9, as follows:

"Gentlemen of the Jury, you are further instructed that even though the statutes of this state provide that a bell of at least 30 lbs. in weight shall be rung or whistle blown not less than 80 rods from any public crossing, you are the sole judges as to what additional precaution should have been taken, if any, by the railroad company, considering the fact that this was a reasonably busy street, through a town of the size the proof shows Holdenville was, and considering the probability of the continual crossing of people over the defendant's track at this point."

The jury returned a verdict for the plaintiff in the sum of $4,000, and the defendants' motion for a new trial being overruled, they have appealed to this court, and the action of the court in giving to the jury instruction No. 9 is assigned among the errors relied upon for a reversal.

The character of the highway at the point where the accident occurred was a material issue made by the pleadings. The plaintiff alleged that it was a generally traveled street, over which a large amount of traffic passed. The defendants denied this allegation, and, without any evidence being offered upon the subject, the court told the jury that they might take into consideration that it was a reasonably busy street, and to consider "the probability of the continual crossing of people over this track at this crossing." The plaintiff contends that this instruction was harmless, for the reason that the jury viewed the place where the accident occurred, but this view was had nearly two years after the accident, and there is nothing in the record to show that the conditions remained the same, and, besides, there is nothing in this record to show what the view of the jury disclosed. In the instruction complained of the court assumed as a fact a material matter put in issue by the pleadings and not established by the evidence, and this was prejudicial error. Branson, Instructions to Juries (2nd. Ed.) sec. 16; Honick v. Metropolitan St. Ry. Co. (Kan.) 71 Pac. 265; White v. Oliver, 32 Okla. 479, 122 Pac. 156; McAlester v. Ealy, 98 Okla. 223, 225 Pac. 146.

Other errors are alleged and discussed in the briefs, but we do not think the other questions presented are likely to occur in another trial.

For the reasons stated, the case is reversed and remanded for a new trial.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. pp. 1657, 1671; 14 R. C. L. p. 786; 4 R. C. L. Supp. p. 919; 5 R. C. L. Supp. p. 778.