KURN et al. v. MANLEY.

No. 31007. Nov. 28, 1944.

*153 P. 2d 623.*

M. G. Roberts, of St. Louis, Mo., and Cruce, Satterfield & Grigsby and Ben Franklin, all of Oklahoma City, for plaintiffs in error.

Pryor & Wallace, of Wewoka, and Don Wilbanks, of Holdenville, for defendant in error.

PER CURIAM. On October 15, 1940, plaintiff received personal injuries as a result of defendant railway company's passenger train striking his automobile at a grade crossing in the city of Ada, Okla. Defendant Zachritz was engineer operating the train at the time of the accident.

Plaintiff's petition alleges that there was negligence in failure of the company to erect and maintain a suitable warning system commensurate with the existent danger at this crossing, and negligence of the engineer in the operation of the locomotive.

The cause was removed to the Federal District Court upon the plea of diversity of citizenship as between plaintiff and defendant company, and the assertion that plaintiff's cause of action as between the two defendants was separable. The cause was thereafter remanded to the state court upon plaintiff's motion to the effect that his case and petition was predicated upon the joint and concurrent negligence of both defendants.

Verdict and judgment was against the defendant railway company only. It appeals.

The company first urged here the following:

"The allegations of plaintiff's petition were not sustained by the evidence, and the incontrovertible physical facts of the accident bar recovery."

The record sufficiently shows the following facts: Two rather heavily traveled streets or public thoroughfares one running east and west, and one running north and south in Ada, a city of 16,000 population, intersect. These carry considerable of the city's traffic and also provide a route for avoiding the downtown district by those traveling several important state highways. The company's railway line traverses this street intersection in a northeast and southwesterly direction.

At about 11 a. m. of the day of the accident plaintiff drove his car from the south upon the railway track at this street intersection and same was struck by the company's passenger train traveling southwesterly. Severe injuries resulted to plaintiff as a result of the collision, the extent of which will appear later herein.

Plaintiff's evidence is to the effect that he had never traveled this route before and did not know that he was approaching a grade crossing. That it was difficult to see the railroad line itself until very close to same; that the only warning maintained and displayed by the company as concerns the railroad crossing was one cross-bar sign erected some 25 feet west of the intersection near to and south of the east and west street; that said sign in any event was not easily seen except from near the intersection, and that he did not see the sign; that upon approach-

ing the crossing he was driving about 15 to 20 miles per hour; that other traffic was partially occupying his attention and especially a truck with sideboards approaching from the east and reaching the intersection at about the time he did, which obstructed his view in the direction from which the train approached; that said truck stopped and that he, thinking the truck had stopped to allow him to proceed, did so proceed, driving immediately upon the railroad track. That he saw the train approaching at a speed of 45 to 50 miles per hour as estimated by him, about the time his front wheels came upon the track; that he heard no whistle or bell sounded from the locomotive. The evidence shows that there is an open-front grocery store 50 feet south of the crossing and near the west side of the street which plaintiff was traveling; a filling station east of that street and just south of the intersection, and that in addition to the moving traffic, automobiles were usually parked near and about these business establishments.

True, the defendant's evidence tends to show that one traveling as did plaintiff should have had full vision of the approaching train and the warning sign at a reasonable distance from the crossing, and that the train was not operated at an excessive speed, and that the whistle and bell were duly sounded.

It is our conclusion on the proposition stated that the evidence herein is such that reasonable men may well differ on the question of whether or not this crossing was unusually dangerous and required the use of more safeguards and warning for the protection of the public than was employed. Such question was of the essence of plaintiff's allegations and was reasonably sustained by the evidence and was for jury determination. St. Louis-S. F. Ry. Co. v. Prince, 145 Okla. 194, 291 P. 973; St. Louis-S. F. Ry. Co. v. Rundell, 108 Okla. 132, 235 P. 491; Chicago, R. I. & P. Ry. Co. v. Richerson, 185 Okla. 560, 94 P. 2d 934. In the latter case we held in the first paragraph of the syllabus as follows:

"The question of the degree of care required of a railroad company to avoid an accident with a motorist at one of its highway crossings in a given situation, and the question of whether its failure to exercise the care incumbent upon it was the proximate cause of said accident, are questions for the jury where reasonable men may differ as to what facts the evidence establishes and the reasonable inferences to be drawn therefrom."

There was strong evidence of contributory negligence, but that point was submitted to the jury and we accept the jury's determination on the question of primary negligence and lack of contributory negligence.

The following is next urged:

"The trial court erred by allowing a verdict against these defendants where the jury exonerated the co-defendant Zachritz."

In this connection the company points out that in the proceedings to remand the case to the state court plaintiff positively and clearly fixed his theory of the case as based exclusively upon joint and concurrent negligence of the company and its engineer employee, and that his cause of action was nonseparable. The company urges that inasmuch as the jury found against plaintiff's allegation of negligence on the part of the engineer, the verdict and judgment does not conform to the issues. Citing Champion v. Oklahoma Land & Development Co., 61 Okla. 135, 159 P. 854, and other cases. The cited cases do not support a rule which would require the verdict and judgment to conform fully and strictly with each detail of plaintiff's theory of his right to recover in such a case.

Here, though plaintiff thought that both the company and the engineer were negligent and that the combined negligent acts resulted in his injury, the jury disagreed with him in part and found that only the company was negligent. We do not believe that we can properly conclude that such a general verdict is entirely outside the issues in the case within the rule of the

cited cases, and the company has given us no authorities which would justify any such conclusion here.

No showing is made that the company's rights are in any way prejudiced by the failure of the jury to find with plaintiff that the engineer was negligent, and render judgment against him also. Our conclusion that no error is shown in that regard is supported by Kurn v. Campbell, 188 Okla. 636, 112 P. 2d 386; St. L.-S. F. Ry. Co. v. Bell, 134 Okla. 251, 273 P. 243; St. L.-S. F. Ry. Co. v. Simmons, 116 Okla. 126, 242 P. 151, and St. L.-S. F. Ry. Co. v. Eakins, 141 Okla. 256, 284 P. 866.

The company next contends that there was reversible error in the admission of opinion evidence in that the province of the jury was invaded. The question and answers thus attacked largely concerned questions propounded to certain witnesses as to whether in all their years of experience they had ever seen a railroad crossing such as the present, and where warning and highway signs were usually placed— as to whether to the right or left side of the road or street from the viewpoint of the traveler. We do not recognize in such questions and answers any expressions of opinion, but rather they appear to us as inquiries and answers as to facts. One answer to the effect that had a warning sign been placed so as to appear on plaintiff's right he could have seen the sign, might conceivably be said to be a slight infraction of the rule contended for, but it appears to us to be so obviously inconsequential, in view of the whole record before us, that we do not see any reasonable probability of prejudice to the company's rights.

Reversible error is also claimed in the trial court's statement of the case to the jury. In that connection it appears that the court gave the jury an extended statement of the allegations of plaintiff's petition, stating perhaps with emphasis that plaintiff alleged the railway company had previously been warned by Ada city officials that the

road crossing was highly dangerous, and that officials had requested and urged the company to provide additional safeguards. There was no evidence to support such allegations of the petition. The company cites Lambard-Hart Loan Co. v. Smiley, 115 Okla. 202, 242 P. 212; Chicago, R. I. & P. Ry. Co. v. Holland, 117 Okla. 30, 245 P. 611, and other cases of similar nature as supporting its contentions as to this error.

We think the recitation of those allegations should not have been included in the court's instructions. However, these allegations were only incidental to plaintiff's cause, and after the court had finished his statement of the contents of the pleadings, which included the statement now discussed, there followed immediately in the instructions the following:

"You are instructed in this connection, however, that the pleadings as filed by the parties hereto, and as outlined herein by the court, are not evidence in the case, either for or against either of the parties, and are not to be considered by you gentlemen in your deliberations as such, but it is only the means provided by law by which the parties come into court and join the issues between them to be tried and determined upon the evidence of the witnesses and the instructions of the court at the trial of said case."

And in view of our further treatment of the case, we conclude that the instructions as a whole are not so objectionable in that regard as to warrant reversal.

It is said that there is error in that the instructions presented to the jury the question whether the company had complied with statutory requirements. The company says that no such jury question was present in the case because the statute only required one such sign and that all the evidence showed that there was one at the crossing. They cite S. L.-S. F. Ry. Co. v. Prince, supra, to the effect that the statute contemplates only one such sign as a minimum requirement. That same

case indicates that the statute itself would contemplate that the requirement thereof be met in such a way as to accomplish the object intended. That is, that the sign be placed in such position as to reasonably be observed. We think the evidence in this case justified such instructions.

The company also says that plaintiff's evidence as to alleged improper operation of the train in the matter of sounding whistle, ringing bell, and the speed of the train was not sufficient to go to the jury, and that therefore the trial court erred in giving those issues to the jury. The company asserts in its brief that the jury found those issues in favor of the defendants as evidenced by its exoneration of the engineer. If that evidence was not sufficient to present this issue to the jury it might be said there was no great harm done if we follow the assumption that such issue was resolved in favor of the company. Though it is true the submission and determination of any such issue might add some burden to the defense. However, in view of our final treatment of this case, we conclude if there was any error on this point, it was without harm.

Lastly, the company complains that the verdict and judgment based thereon is excessive.

Up to the time of the injury plaintiff was physically sound and robust. He was 33 years of age and had a life expectancy of 35 years. His skills in earning a livelihood were confined to work of manual labor. The record is not clear as to his earning capacity. There is evidence that for one period of about a year he earned at the rate of around $1,600 to $1,800 per year. Aside from that period he was not regularly employed. It is difficult to average or estimate his earning capacity.

Money damages for personal disability can never be calculated with exact mathematical certainty, but in general they are designed to compensate for the loss sustained.

This plaintiff was seriously and permanently disabled, and suffered great pain over a long period of time. The accident resulted in loss of both his legs by amputation above the knees and shortly below the torso. There were numerous lesser injuries which, however, seem largely to have responded to the hospital treatment. Plaintiff's petition states the amount of his bill to hospital and doctors to be $700.

The verdict here was for $50,000, which is substantially excessive. Viewing the amount of the verdict, the instructions as to detailed allegations of plaintiff's petition, the issues submitted, and the physical facts and evidence of plaintiff's actions, there is strong showing that the verdict was unduly influenced by bias, passion, or prejudice.

In such case it is the duty of this court to determine and hold that the verdict is excessive and to remand the cause with directions to grant a new trial unless proper remittitur is filed by plaintiff. See Chicago R. I. & P. v. Brooks, 155 Okla. 53, 11 P. 2d 142, and Public Service Co. v. Hawkins, 194 Okla. 272, 149 P. 2d 783, and the authorities therein cited.

Upon thorough review of this contention we are convinced that the ends of justice require that we hold this verdict to be excessive insofar as it exceeds $30,000, plus medical and hospital bill of $700.

Therefore, the judgment of the trial court is affirmed upon plaintiff's filing a remittitur in the sum of $19,300 within 20 days, otherwise the judgment will stand reversed and remanded for new trial. Such remaining portion of the judgment, that is $30,700, to bear interest from date of rendition of the original judgment in the trial court.

GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, C.J., dissents.