W. A. McBROOM and Chicago, Rock Island and Pacific Railroad Company, a Corporation, Plaintiffs in Error,

v.

Mildred M. MEYER, Administratrix of the Estate of Bennie George Meyer, Deceased, Defendant in Error.

No. 37034.

Supreme Court of Oklahoma.

Oct. 2, 1956.

Rehearing Denied Nov. 13, 1956.

Loyd Benefield, of Savage, Gibson, Benefield & Shelton, Oklahoma City, W. B. Edwards, Seminole, for plaintiffs in error.

Russell B. Holloway, of Rhodes, Crowe, Hieronymus & Holloway, Oklahoma City, for defendant in error.

PER CURIAM.

The accident out of which this action arose occurred at the intersection of the Chicago, Rock Island and Pacific railroad tracks and Beard Street in Shawnee, Oklahoma. The appellants, defendants below, are the railroad corporation and the engineer of the train involved in the collision. The appellee is the widow and administratrix of the estate of the deceased driver of the truck hit by the train.

At about 6:40 P.M., October 22, 1952, the deceased was returning to his employer's wholesale grocery warehouse from his route as truck driver salesman. He was driving the truck north on Beard Street toward his destination which was located just to the north of the defendants' railroad right-of-way. The tracks run east and west. There are three tracks at this crossing, the one on the north being the main line. The freight track is fourteen feet south of the main line track, and an additional "clearing track" is some twenty-five feet further south. The defendant corporation had installed an automatic flashing light and bell signal at the crossing to provide a warning of the approach of trains. At the southwest corner of the intersection there was a building that, to some extent, obstructed the view of the tracks to the west. This particular street is heavily traveled because it is a highway route through Shawnee. The train approached the crossing from the west, and it appears that it was operating 45 minutes behind schedule at the time of the accident.

The testimony to support the alleged liability dealt with three specific allegations of negligence. These were: the excessive speed of the train through town in violation of a city ordinance; the failure of the engineer to sound a proper warning of his approach; and the failure of the automatic signal to function. The jury returned a verdict for the plaintiff upon which judg-

ment was entered after the plaintiff agreed to a remittitur. Appellants contend that the evidence was insufficient to support the judgment and particularly that the first and second allegations of negligence could not have been the proximate cause of the accident.

■ We must admit that the testimony to support the plaintiff's cause of action was adduced from a few witnesses who were vastly outnumbered by those testifying on behalf of the defendants. Questions of fact and the weight and credibility of witnesses' testimony in such a case are determined by the jury. Therefore, if there was any testimony to justify submission of the issues to the jury, its conclusion is final. The reiteration of the proposition requires no citation of authority.

■ The appellants' argument as to the first two alleged acts of negligence not constituting the proximate cause of the collision rests upon their conclusion that the automatic signal device was functioning, thereby providing ample warning to the deceased. But the eye witness Hardesty, who was himself approaching the crossing, testified that he was only fifty feet from the point of impact and that he did not see the light nor hear the bell at, or before, the collision, and that there was nothing to have prevented him from observing the warning lights had they functioned. This testimony was entitled to probative force under the rule of Fleming v. Pattillo, 196 Okl. 557, 167 P.2d 40. Thus, we conclude the appellants' theory is unpersuasive, for there was testimony that the train was exceeding the authorized speed; there was testimony that the engineer failed to sound sufficient warning to notify motorists even though he complied with the minimum standard of the statute, Missouri, K. & T. R. Co. v. Stanton, 78 Okl. 167, 189 P. 753; and there was testimony that the automatic signal failed to function. This testimony, considered in relation to the type of crossing involved, raised issues of fact as to whether these were acts of negligence that singly, or in combination, proximately caused the resulting collision or whether, on the other hand, the deceased was contributorily negli-

gent. It follows that the matter was properly submitted to the jury and their verdict is binding on this court on appeal where, as here they appear to have been properly instructed. Kansas, O. & G. Ry. Co. v. Clark, Okl., 262 P.2d 426.

Affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by Jean R. Reed and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.