The KANSAS CITY SOUTHERN RAILWAY COMPANY, a Corporation, Plaintiff in Error,

v.

Peggy MARROW, a child 15 years of age, who sues by and through Cleo Bascue, her guardian, and Bobby Clark, Defendants in Error.

No. 37750.

Supreme Court of Oklahoma.

April 1, 1958.

Rehearing Denied April 29, 1958.

Application for Leave to File Second Petition for Rehearing Denied June 17, 1958.

Kelly Brown, Muskogee, Windham & Windham, Poteau, for plaintiff in error.

Whit Pate, Poteau, for defendant in error.

CORN, Vice Chief Justice.

Peggy Marrow, a minor fifteen years of age at the time of the accident, was a passenger in an automobile driven by Bobby Clark. She suffered the injury and resultant disability, when, as the car was being driven across the railroad tracks it was struck by the train of the Kansas City Southern Railway Company, a corporation.

Through her guardian, Cleo Bascue, she brought this action against the said railway company and the said driver of the car for the damages resulting from the multiple injuries sustained by her.

The jury brought in two verdicts in favor of the plaintiff, one against the defendant Kansas City Southern Railway Company for $75,000 signed by the foreman, a unanimous verdict, and one against the defendant Bobby Clark for $200 signed by nine of the jurors. The defendant railway's exception to the form of the verdicts was overruled and an exception allowed.

The trial court accepted both verdicts and entered separate judgments on each verdict. Motion for new trial was filed. At the hearing thereon the plaintiff elected to accept the verdict and the judgment rendered thereon against said defendant company, and filed a remittitur as to the judgment against the defendant Bobby Clark. The trial court accepted the remittitur as to the judgment against Clark to which the defendant railway excepted. The trial court then overruled the motion for new trial as to the judgment against the defendant company. The defendant railway company gave notice of appeal to this court.

Unquestionably the trial court should have refused to accept the two verdicts. The jury may not apportion damages between joint tort feasors sued jointly.

The jury is required to return a joint verdict. Where it violates the instructions and does apportion the damages, in such a case the trial court should again call the jury's attention to the instructions and direct the jurors to retire and return the verdict in the manner required by law. However, if the trial court does accept separate verdicts against each joint tort feasor, the error may be corrected by the plaintiff's acceptance of one of the judgments and the entering of a remittitur as to the other. Whitney v. Tuttle, 178 Okl. 170, 62 P.2d 508, 108 A.L.R. 789. The plaintiff having filed a remittitur as to the Clark judgment, and elected to accept the judgment against the defendant railway company in the manner suggested in that case, the error in this regard was corrected.

The defendant railway company contends, however, that the record fails to disclose any negligence in the operation of the train and that the demurrer to the evidence should have been sustained.

In line with this contention it takes the position that the negligence of the driver of the car was the sole cause of the accident.

With this contention we cannot agree. The record discloses that the accident occurred at one of the street crossings within the town of Panama; that it was the most widely used crossing in the town; that the defendant railway ran from 12 to 15 trains daily upon this track; that there were no warning devices, such as blinker lights, at the crossing.

The record further discloses that the street in question runs parallel with the track for approximately 150 feet and then curves west and across the tracks; that a driver going south on said street has his back to any train that may be traveling south on the track; that there are several tracks to cross.

It further discloses that there were seven young people, including Peggy Marrow, in the car; that they all lived in the town of Panama; that they had been riding about the town most of the day and had crossed the tracks many times; that at the time in

question the car proceeded south parallel with the tracks at a speed of approximately 10 miles per hour; that it turned slowly and came to a stop upon the tracks where the driver attempted to back it off but the train struck the right front fender, throwing the car into the side of the train; that the fireman on the train saw the car moving slowly south on said street and turn upon the tracks; that he thought that it would stop before reaching the tracks, and did not warn the engineer of its presence. Peggy Marrow, a passenger, was thrown from the car and suffered multiple injuries.

There is evidence by some six witnesses, in a position to know at the time in question, that the whistle of the train was not blown. This, of course, is strongly contradicted by a number of witnesses on behalf of the defendant railway company.

In addition there is contradicting evidence as to the speed of the train.

■ The jury is the trier of the facts and decides the weight and credibility to be given to the testimony, and when the evidence is conflicting, and different minds might reasonably draw different conclusions therefrom the question of primary negligence must be determined by it. McBroom v. Meyer, Okl., 303 P.2d 303; Kansas, O. & G. Ry. Co. v. Clark, Okl., 262 P.2d 426.

The evidence in this case is conflicting and such that different minds might reasonably draw different conclusions. The question of the primary negligence was properly submitted to the jury.

By reason of the factual situation disclosed by the record in this case, the cases cited and relied upon by the defendant railway are not determinative. The injured Peggy Marrow was not the driver of the car. There was no train standing on the track.

The statement of the case set forth in' the instructions gave in considerable detail the allegations of the petition and answer. The evidence as to the nature, extent, painfulness and permanency of the injuries wholly bears out the allegations of the petition.

The record does not disclose that the defendant railway challenged the wording of the petition. It appears that it was first questioned when the statement of the case was read to the jury as a part of the instructions.

Suffice it is to say that the evidence adduced sustained the allegations of the petition. In the cases cited and relied upon by the defendant railway; Cole v. Anderson, Okl., 304 P.2d 295; Independent Cotton Oil Co. v. Beacham, 31 Okl. 384, 120 P. 969, the records were devoid of competent evidence sustaining the allegations of the petition questioned. Clearly they are without application in this case.

■■ Referring to the answer of the defendant railway we find no allegation that even by inference remotely suggests contributory negligence on the part. of the plaintiff. Contributory negligence is an affirmative defense and must be plead. The testimony of injured Peggy Marrow's brother, that he did not hear her warn the driver of the train's approach, is negative in character and is insufficient standing alone to raise the issue of contributory negligence. It follows that the trial court correctly refused to include an instruction in regard thereto. It was not an issue. Hancock v. Thigpen, 208 Okl. 595, 256 P. 2d 428. The trial court's instructions covered the issues presented. By reason of our conclusions as to the pleadings and evidence in this case, the cases cited and relied upon by the defendant railway, Wilson v. Oklahoma Ry. Co., 207 Okl. 204, 248 P. 2d 1014; Haynie v. Olson Drilling Co., 189 Okl. 527, 118 P.2d 230 are not controlling.

■ Lastly it is contended that the verdict of $75,000 was excessive. The record is replete with evidence as to the extent, seriousness and permanency of the injuries, together with the resulting disfigurement and inability to be as children normally. The pain and suffering with which she must live for the rest of her life is unquestioned. The effect upon her earning capacity for her life expectancy is clearly apparent. By reason of the injuries 'her

ability to carry on normal activities appears, to say the least, greatly restricted and impaired. The doctor and hospital bills are in effect admitted. The evidence amplv sustains the verdict in this case. St. Louis-San Francisco Ry. Co. v. King, Okl., 278 P.2d 845. The views expressed in the case of Kurn v. Manley, 194 Okl. 574, 153 P.2d 623, cited and relied upon by defendant railway in this regard, in effect, are consistent with the views herein expressed.

Judgment affirmed.

DAVISON, HALLEY, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., and JOHNSON and WILLIAMS, JJ., dissent.