## BUCKTROT v. PARTRIDGE.

No. 18543.    Opinion Filed March 27, 1928.

(Syllabus.)

1. **Appeal and Error—Negligence—Contributory Negligence a Jury Question—Conclusiveness of Verdict.**

Under section 6, art. 23, Constitution of Oklahoma, the question of contributory negligence cannot be made a question of law for the court, but, in all cases, is a question of fact for the jury to determine, and the finding of the jury upon this defense is conclusive upon this court on appeal when there is any evidence reasonably tending to support such finding.

2. **Evidence—Admissibility of X-Ray Photographs.**

X-ray photographs are admissible in evidence as pictorial communications of a qualified witness and as a method of conveying to the court or jury a reproduction of the object about which the testimony is given when it appears that such X-ray photographs are properly made and correctly represent the object photographed.

3. **Damages—Personal Injuries—Excessiveness of Verdict.**

In a suit for damages for personal injuries, before a verdict of the jury will be set aside as excessive, it must appear that the verdict is so excessive as to strike mankind, at first blush, as being beyond all measure unreasonable and outrageous and such as manifestly shows the jury to have been actuated by passion, partiality, prejudice, or corruption.

4. **Appeal and Error—Trial—Sufficiency of Instructions Construed in Entirety.**

Instructions must be considered as a whole and construed together, and while a single instruction standing alone may be subject to criticism, yet, when the instructions, when taken together in their entirety, fairly submit the issues to the jury, the judgment of the trial court on the verdict of the jury will not be disturbed. It is not necessary that any particular paragraph of the instructions contain all the law of the case; it is sufficient if, when taken together and considered as a whole, they fairly present the law applicable to the issues in the pleadings upon which competent evidence has been introduced.

Error from District Court, Creek County; Lucien B. Wright, Special Judge.

Action by Stella Partridge, a minor, by her guardian, father and next friend, Sam Partridge, against Conzey Bucktrot. Judgment for plaintiff, and defendant appeals. Affirmed.

L. O. Lytle, James W. Cosgrove, and S. W. Maytubby, Jr., for plaintiff in error.

W. H. Odell and Streeter Speakman, for defendant in error.

PHELPS, J. For convenience. the parties will herein be referred to as they appeared in the trial court; that is, defendant in error will be referred to as plaintiff and plaintiff in error will be referred to as defendant.

Plaintiff, a 17-year old girl, by her father as guardian and next friend, filed her peti-

tion in the district court of Creek county claiming that she, in company with her father, was invited by defendant to ride with him in his new one-seated Packard automobile from Sapulpa to Muskogee and return; that on the return trip defendant invited or permitted her to drive the automobile until they reached Marshall's Inn, a refreshment stand by the roadside between Haskell and Bixby. There they stopped to get some sandwiches; that Sam Partridge, plaintiff's father, left the automobile and went into the inn to procure the sandwiches; that during his absence defendant attempted to obtrude his offensive and unwelcome attentions upon her and to take liberties with her; that when her father returned defendant abandoned his objectionable conduct toward plaintiff until the father again went into the inn to pay for the lunch, when defendant resumed such offensive conduct toward plaintiff; that she pushed him away, resisted and repulsed him and got out of the automobile and joined her father, who was emerging from the inn; that they all re-entered the automobile. Defendant, made angry and still smarting under the repulse and rebuff of plaintiff, took the steering wheel and started to drive his automobile intentionally, willfully, and maliciously at a high and dangerous rate of speed, over the repeated protests of both plaintiff and her father, and while so driving, near the point where the road crosses Snake creek, the automobile plunged down an embankment, resulting in personal injuries to plaintiff, for which she prayed judgment, actual and exemplary.

Defendant filed his answer, denying generally plaintiff's allegations, and further pleading contributory negligence.

The cause was tried to a jury, resulting in a verdict for plaintiff in the sum of $25,500 actual damages, and $5,000 exemplary damages, and from the judgment rendered on such verdict defendant prosecutes this appeal.

Counsel for defendant present their assignments of error under five propositions, the first of which is that plaintiff is not entitled to recover because she was guilty of contributory negligence. This proposition will be here considered in connection with the fourth proposition, which is that the defendant was entitled to a directed verdict in the trial court. Plaintiff testified that when they were at the inn she observed that defendant had been drinking intoxicating liquors. Defendant pleads that just before the accident resulting in the injury he was prevented from properly driving and guiding the automobile by plaintiff becoming excited and throwing her arm about his neck. Defendant claims that plaintiff, by such conduct and by remaining in the automobile with him after knowing that he was intoxicated, was guilty of contributory negligence barring a recovery for the injuries received.

Section 6, art. 23, Constitution of Oklahoma, provides that:

"The defense of contributory negligence or of assumption of risks shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

This section of the Constitution has many times been, by this court, construed, emphasized, and commented upon, some of the more recent decisions being Incorporated Town v. Burke, 88 Okla. 186, 211 Pac. 522, M., K. & T. Ry. Co. v. Perino, 89 Okla. 136, 214 Pac. 907, Goodrich v. City of Tulsa, 102 Okla. 90, 227 Pac. 91, Midland Valley Co. v. White, 109 Okla. 60, 234 Pac. 762, and Oklahoma Union Ry. Co. v. Lynch, 115 Okla. 146, 242 Pac. 176.

It will thus be seen that there is no part of our system of jurisprudence that is more thoroughly and clearly settled than that, under the facts in the instant case, whether the plaintiff was guilty of contributory negligence, as claimed by the defendant, was a question for the jury to determine. That question was properly and fairly submitted to the jury under instructions numbered 6, 7, and 8, prepared and requested by counsel for defendant, and under the above-cited opinions this court has no authority to interfere with the jury's verdict thereon.

In Midland Valley v. White, supra, this court, in paragraph 2 of the syllabus, said:

"The standard for guiding the jury in considering the question of contributory negligence on the part of the plaintiff, in what would be the action of a reasonably prudent person of the age and experience of the plaintiff, under the conditions and circumstances of the particular case, and by this guide it is for the jury to determine the negligence on the part of the plaintiff, if any."

We, therefore, reach the conclusion that, since the jury found against defendant's contention on the question of contributory negligence properly submitted to them, defendant was not entitled to an instructed verdict, and defendant's propositions numbered 1 and 4 must here be decided adversely to his contention.

In plaintiff's petition she alleges that the

accident resulted in severely wounding, bruising, and lacerating her leg, hip, and thigh and crushing and mangling the bones of her right hip. At the trial three physicians were called to testify in behalf of plaintiff, and, in describing the injuries with which they found her suffering immediately after the accident, they testified that the pelvis, or hip bone, had been shattered and splintered; that the pelvis bone had been broken entirely in two at the pubis and that the ischium had been broken or torn loose, and, in amplifying and explaining their testimony, an X-ray photograph was introduced showing the injuries plaintiff received and from this X-ray photograph the doctors were permitted to explain such injuries to the jury.

Defendant objected to this evidence upon the grounds that it referred to the pelvis, whereas the petition alleged injuries to the hip. While the physicians used the technical terms, as applied to the various injured parts and bones broken, they explained that in the usual and common acceptation of the term, the parts injured might properly be considered the hip or hip bones.

Under defendant's proposition 2 it is urged that the introduction of this X-ray photograph was error for the reason that it tended to inflame the minds of the jury against the defendant. As we view it, this assignment of error is without merit. It was shown that the X-ray photograph was taken the second day after the injury and that the picture correctly showed the injuries received by plaintiff and we cannot agree that error may be predicated upon the actual facts shown, when properly presented, even though such facts may be harrowing in their appearance and details.

In Bartlesville Zinc Co. v. Fisher, 60 Okla. 139, 159 Pac. 476, this court said:

"The admission of X-ray plates in evidence rests fundamentally on the theory that they are the pictorial communication of a qualified witness who used this method of conveying to the jury a reproduction of the object of which he is testifying; this being true, the X-ray plates must be made a part of some qualified witness' testimony and the witness should qualify himself by showing that the process is known to himself to give correct representations, and that it is a true representation of such object."

In the instant case these requirements were fully complied with and the court properly admitted the X-ray photograph.

Under this assignment of error it is also contended that the court erred in admitting plaintiff's exhibit "A," which was a map or plat showing the elevations, etc., of the highway and bridge at the place the accident occurred. Counsel urge that the admission of this plat was error for the reason that it did not conform to the testimony of the engineer who prepared it and did not show a curve which defendant claimed was in the highway near the scene of the accident.

This assignment of error is not well taken for the reason that it appears from the testimony of the engineer who prepared the plat that it was prepared primarily for the purpose of showing the elevations of the bridge and the embankment over which the automobile plunged. It does not show a curve in the road near the bridge which counsel for defendant claims was in the road. The engineer, however, testified that the curve mentioned was a quarter of a mile from the scene of the accident and the plat does not purport to embrace that part of the highway, and was properly admitted under the rule laid down in M., K. & T. Ry. Co. v. Smith, 97 Okla. 152, 233 Pac 373

In defendant's third proposition it is urged that the verdict of the jury was excessive, and by the amount of the verdict passion and prejudice against defendant is indicated. Counsel cite numerous authorities in support of this contention It will be observed. however, that the authorities cited are opinions written several years ago, and this court will take judicial notice of the fact that the purchasing power of a dollar is much less to-day than it was a few years ago; that the earning capacity of a man or woman is much more to-day, when measured in dollars and cents, than it was a few years ago, and the tendency during recent years is toward allowing much larger verdicts to stand than were permitted a few years ago.

There is no evidence in the record to indicate passion and prejudice toward defendant on the part of the jury, and unless we are able to say by the amount of the verdict alone that such existed, we must overrule this assignment of error. In our judgment this verdict is amply supported by the rule laid down by this court in New v. Saunders, 86 Okla. 97, 206 Pac. 600, M., K. & T. Ry. Co. v. Smith, supra, New v. Stout, 98 Okla. 177, 224 Pac. 519, and Shaffer Co. v. Thomas, 120 Okla. 253, 252 Pac. 41 (and authorities there cited).

In the instant case the evidence shows the plaintiff to be a young woman 17 years of age at the time of her injury; that she was taken to a hospital on the 3rd day of December and remained there until the

17th day of February following; that she suffered great pain and at the trial was unable to bear any weight on her right foot and that she could lie in bed only in one position; that one leg was several inches shorter than the other; that her injuries were permanent; that because of the bones being broken and splintered the pelvic cavity was reduced, which, physicians indicated, would interfere with if not make childbirth impossible, and, no doubt, the jury took all of these things into consideration in fixing the amount of her recovery. Doubtless they considered the pain and suffering, the fact that she must hobble through life with one leg several inches shorter than the other; that she must, in all probability, be deprived of the crowning glory of American womanhood—the privilege of bearing children.

All these elements properly entered into and became a factor in fixing the amount of her recovery, and we cannot say, when these elements are considered, that the amount of the jury's verdict, in any degree, indicated passion and prejudice.

In Coleman v. Southwick, 9 Johns. (N. Y.) 45, 6 Am. Dec. 253, in commenting upon this question, Chancellor Kent said:

"The damages, therefore, must be so excessive as to strike mankind, at first blush, as being, beyond all measure, unreasonable, outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line; for they have no standard by which to ascertain the excess."

In C., R. I. & P. Ry. Co. v. DeVore, 45 Okla. 534, 143 Pac. 864, in the body of the opinion, this court, in commenting upon this rule, said:

"We think this rule is sound, for the reason the jury and the trial judge have a much better opportunity than do the appellate judges to measure the actual damages suffered by the plaintiff and the amount which would compensate him for the injury. They have an opportunity of seeing the plaintiff and to discern his manner of testifying, his intelligence and capacity, to note his physical condition, and many other living evidences bearing upon the issue, including all the attending circumstances, of the larger part of which the appellate court is deprived. The jury, thus being in possession of all of the facts and circumstances, is required to pass upon this issue as an issue of fact, under an appropriate charge of the court as the law. This solemn finding, returned into court and approved by the trial court, should not be disturbed by this court. unless it comes within the rule hereinbefore laid down.

"The trial judge has not only the opportunity afforded the jurors to gain knowledge of the conditions of the plaintiff's injury and the amount which will compensate him, together with all the facts and circumstances surrounding his injury, but he also has the opportunity of observing the jurors in considering said cause and of any outward feeling evidencing passion or prejudice that may be exhibited during the proceedings before him; and if it is made reasonably to appear that the verdict of the jury is excessive by reason of any influence of passion or prejudice, it becomes his sworn and solemn duty, as a trial court, to set aside the verdict or require a remittitur to be filed. After he has considered this point on a motion for new trial and approved the verdict by overruling the motion, the appellate court should never disturb the finding and judgment of the trial court, except for the gravest reasons, wherein it clearly appears that the trial court has abused its discretion, or that the verdict is excessive within the rule herein stated."

The instant case comes so completely within the rules laid down in the authorities above cited and quoted from that it is our duty to refuse to interfere with the verdict of the jury or the judgment rendered thereon.

In defendant's fifth proposition he complains of instructions numbered 12 and 13, asserting that these instructions and the court's preliminary statement to the jury did not fully set out the theory of the defendant. In his answer defendant pleaded that he, having been requested to take the plaintiff from Sapulpa to Muskogee and back, was acting as agent for plaintiff. In the trial of the cause, however, it appears that the court and both parties treated plaintiff as an invitee, and in instruction numbered 12 the court charged the jury that the defendant

"Owed to the plaintiffs no duty except the duty to refrain from acts of gross negligence or acts of reckless disregard of the safety of the plaintiffs, so in this case if you should find from a preponderance of the evidence that the defendant operated his car in a grossly careless manner or with a careless disregard of the safety of the plaintiffs and that such carelessness on the part of defendant was the proximate cause of the injury complained of by the plaintiffs, and that the plaintiffs were free from contributory negligence as is defined to you in these instructions, then the verdict should be for the plaintiffs. * * *"

This instruction, at least by indirection, tells the jury that the plaintiff cannot recover unless the jury finds by a preponderance of the evidence that the defendant was

guilty of gross negligence or acts of reckless disregard of the safety of plaintiff, and we are unable to see how the rights of defendant could possibly have been prejudiced by the giving of this instruction.

Instruction numbered 13 merely defines the term "unavoidable accident" and conforms in every detail to the definition of the term "unavoidable accident" given in Wilson v. Roach, 101 Okla. 30, 222 Pac. 1000, in the first paragraph of the syllabus of which this court said:

"An 'unavoidable accident' is a casualty which occurs without negligence of either party, and when all means which common prudence suggests have been used to prevent it."

And in the body of the opinion we find the following quotation:

"By common acceptation, 'unavoidable accident means a casualty which happens when all the means which common prudence suggests have been used to prevent it. Hodgson v. Dexter (U. S.) 12 Fed. Cas. 283."

We conclude, therefore, that these instructions furnish no grounds upon which defendant can properly predicate complaint, particularly when they are taken in connection with all the other instructions given. M., K. & T. Ry. Co. v. Zuber, 76 Okla. 146, 184 Pac. 452; City of Sapulpa v. Deason, 81 Okla. 51, 196 Pac. 544, and Ponca City Ice Co. v. Pobertson, 67 Okla. 86, 169 Pac. 1111.

Finally, the evidence shows that when defendant left Marshall's Inn, angered by the rebuff of plaintiff, he drove his automobile at a terrific rate of speed for a distance of about one mile before it was catapulted over the precipice; that just before the automobile plunged into the creek, and while plaintiff was pleading with defendant to slow down the speed of the automobile, he made the remark, "I am going to be a bad man to-day."

Then, the four propositions were submitted to the jury under proper instructions, namely: Was defendant guilty of gross negligence? Was such gross negligence the proximate cause of the injury? Was plaintiff free from contributory negligence? And was the injury the result of an unavoidable accident? These four questions were all proper questions to submit to the jury. The jury found the issues on these four questions adverse to the contention of defendant.

It has seldom been our pleasure to read a record or briefs disclosing such a high degree of skill, ability, and ethical conduct on the part of counsel on both sides and so clearly and thoroughly presenting the issues in a lawsuit of such magnitude as this, and after a very careful and painstaking examination of the record and briefs we fail to find any prejudicial error, and the judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, CLARK, and HEFNER, JJ., concur.