No. 525

First Circuit

KARP v. POWERS ET AL.

(December 3, 1929. Opinion and Decree.)
(December 30, 1929. Rehearing Refused.)

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellant.

Paul G. Borron, of Baton Rouge, attorney for defendant, appellee.

LECHE, J. Plaintiff was traveling as passenger in an automobile bus belonging to defendant, going along the Jefferson Highway from Port Allen, in the parish of West Baton Rouge, to Maringouin, in the parish of Iberville. When about two or three miles from Rosedale, a village on said route, the bus skidded into a side ditch and slipped sideways to an inclined position, the right front and rear wheels going to the bottom of the ditch. Another passenger, a very corpulent gentleman, who was sitting on the left or opposite side of the bus, fell on plaintiff, causing a fracture of plaintiff's forearm.

Plaintiff alleges that the accident was the result of fast and reckless driving by the chauffeur, over a slippery road, the improper condition of the mechanism of the bus, and its negligent operation.

On the trial of the case it was shown by the evidence that, at the time the bus skidded into the ditch, it was being driven at a speed of 5 or 6 miles an hour, and no attempt was made by plaintiff to support the allegation that the mechanism of the bus was in a defective condition. In argument, plaintiff urges that defendant's chauffeur should have warned the passengers of the impending danger, before the bus skidded into the ditch.

The Jefferson Highway is under the control of the state highway commission, and at the time of the accident, in 1923, there was very little gravel on that part of it where the accident occurred. The road had recently been scraped with a road machine and the dirt from the sides dragged by the machine formed two ridges near the center of the road. Defendant's chauffeur was able to guide the bus in the center of the road between the ridges until he reached a bridge, where the two ridges of dirt had been brought so close to one another that he was compelled to drive to the right and near the ditch bank. It had rained just prior to the accident, and the bus slipped or skidded into the ditch.

Of course, the chauffeur saw that there was danger. The fact that he approached this situation, and this condition of the road, so slowly and carefully, shows that he was apprehensive of danger. But it is unreasonable to infer from this that he should have known the vehicle would slip into the ditch, or that he should have warned his passengers of the danger. Warning would not have availed him or his passengers. The danger was visible to them, as well as to himself. The well-known rule that a carrier must exercise the greatest caution in safely receiving, transporting, and discharging its passengers applies with equal force to carriers by bus as to carriers by railroad.

But it must be borne in mind that a railroad company is generally responsible for the condition of the tracks over which it runs its trains, while automobile carriers have no control of the public highways over which they transport their passengers. The courts are justified in taking judicial cognizance of the fact that travelers in automobiles must perforce assume the risks incident to slippery roads and loose gravel along the highways, and that safety requires the exercise of great prudence and caution. That the chauffeur who operated the bus in this case acted prudently and cautiously seems

to be abundantly proved. The accident was brought about by conditions beyond his control.

We therefore believe that the judgment of the trial court, refusing plaintiff's demand for damages, is in accordance with the facts and the law of the case; that it should be affirmed; and it is so ordered.