## LEVY et al. v. THARRINGTON.

No. 26761. Nov. 10, 1936.

Rehearing Denied Dec. 1, 1936.

Simons, McKnight, Simons, Mitchell & McKnight, for plaintiffs in error.

Winfield Scott, for defendant in error.

PER CURIAM. In this case, E. H. Levy and Klein's, Inc., defendants below, seek reversal of a judgment rendered against them in favor of Pearl Tharrington, as plaintiff, for $671 damages on account of breach of oral contract of employment.

Plaintiff pleads in her original petition, on which the case was tried, that the defendants did, on August 14, 1932, hire her for a period of one year commencing on that date to manage their store at Ponca City; that pursuant to this agreement she immediately removed to Ponca City, and worked as such manager until February, 1933, when the defendants claimed to have sold their store, and discharged her; that she had been unable to obtain any other work during the remainder of her contract term. Her testimony supports these allegations.

Defendants contend their hiring of plaintiff was an employment terminable at will; that if for a definite period of time the contract was made early in August for a term in excess of one year, and the contract was consequently void under the statute of frauds; that plaintiff's counsel injected prejudicial inflammatory remarks into his argument before the jury; and then in mitigation of damages that plaintiff had refused to accept employment proffered her after her discharge.

"To present the question of misconduct of counsel in making improper statements to the jury in his argument for appellate review, there must be an objection seasonably made, and an exception properly taken if it is overruled." Coalgate Co. v. Bross, 25 Okla. 244, 107 P. 425.

No objection having been made in the trial court to the alleged prejudicial argument, its effect cannot be reviewed on appeal.

Since defendants make no complaint concerning the court's instructions, and in fact save no exceptions thereto, we are confined to the inquiry of whether there is any competent evidence reasonably tending to establish plaintiff's cause of action and the

favorable verdict. Defendants argue that since plaintiff's original petition alleges her contract was made "on or about the 1st of August, 1932," for a period commencing August 15, 1932, and continuing until the latter part of August, 1933, these averments override her subsequent amended petition and express testimony supporting a contract to be performed within one year. All these facts were presented to the jury under proper instructions, and its finding in favor of the plaintiff is conclusive against the defendants.

It is the duty of the discharged servant to make the best use of his time and to mitigate his damages by seeking other employment, but the burden rests upon the employer to show by a preponderance of the evidence that the servant might, with reasonable diligence, have obtained other remunerative employment of a like character after his discharge. Sharpless Separator Co. v. Gray, 62 Okla. 73, 161 P. 1074. This duty to seek other employment cannot arise until after the discharge. Coates v. Allegheny Seed Co. (Pa.) 83 Atl. 77.

According to the testimony of Levy, the defendants' offer to re-employ plaintiff at Enid was made prior to February 4th, the date when her services were terminated at Ponca City, and while he testified that he would probably have kept her for the entire year because she thought she had a contract for a year's services at the Ponca City store, he does not state that he offered to employ her at Enid for any definite period of time, nor does he give the exact nature of the employment offered.

"A servant is not required, for the purpose of lessening the damage, to accept new employment from the same master when the offer is made in such a way that its acceptance will amount to a modification of the original agreement." Farmers Co-operative Association v. Shaw, 171 Okla. 358, 42 P. (2d) 887.

Defendants' testimony merely corroborates plaintiff's statements that all offers to employ her at Enid were prior to her discharge; that she could not have obtained employment at any price during the remainder of her contract term after her services were terminated. This evidence is wholly insufficient to sustain defendants' plea in mitigation of damages.

The trial court properly submitted this case to the jury, and committed no error in overruling defendants' demurrers to the evidence and subsequent motions. The judgment of the trial court should, therefore, be affirmed, and it is so ordered.

The case-made contains a copy of the supersedeas bond executed by defendants as principals and the Central Surety Insurance Company, as surety; hence judgment is rendered against the surety company against such bond.

The Supreme Court acknowledges the aid of Attorneys Kittie C. Sturdevant, Malcolm W. McKenzie, and Calvin Jones in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Miss Sturdevant and approved by Mr. McKenzie and Mr. Jones, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur. RILEY, WELCH, and CORN, JJ., absent.