JORDAN BUS CO. et al. v. GARNAND.

No. 33806. Nov. 14, 1950.

Rehearing Denied Dec. 12, 1950.

*225 P. 2d 173.*

Welcome D. Pierson and Howard Hentz, both of Oklahoma City, for plaintiffs in error.

Schwoerke & Schwoerke, of Oklahoma City, and Homer H. Bishop, of Seminole, for defendant in error.

LUTTRELL, J. This is an action for damages for personal injuries brought by Myrtle Garnand against Jordan Bus Company, James Edward Hooven, its bus driver, and American Fidelity & Casualty Company, which carried its liability insurance policy or bond covering its operation as a carrier of passengers pursuant to the provisions of 47 O. S. 1941 §169. E. M. Kellar & Company and others were also made parties defendant. The jury returned a verdict in favor of plaintiff and against defendants Jordan Bus Company and James Edward Hooven for $12,000. They returned no verdict against the other defendants. Judgment was rendered by the trial court against the bus company and Hooven in the sum of $12,000, and against the American Fidelity & Casualty Company for its liability under the bond, viz., $5,000, said amount to be credited as a payment on the $12,000 judgment. No judgment was rendered against the other defendants. From this judgment the Jordan Bus Company, Hooven, and American Fidelity & Casualty Company appeal.

From the record it appears that plaintiff while a passenger on a bus belonging to the Jordan Bus Company, and driven by the defendant Hooven, was injured in a collision between the bus and a truck owned by the E. M. Kellar & Company. Since the contentions urged on this appeal do not involve the question of whether or not defendants were negligent, it is unnecessary to recite the particular details of the accident.

Defendants first contend that the amount of the verdict is not supported by the evidence, is excessive, and is a result of bias and prejudice on the part of the jury. They assert that the injuries shown to have been received by plaintiff do not warrant the recovery by her of the sum of $12,000, and urge that this court should require a large portion of that sum to be remitted, or should reverse the judgment of the lower court upon the verdict. We are unable to agree with this contention.

We are committed to the rule that in an action for damages for personal in-

juries the court will not grant a new trial on the ground of excessive damages, unless the amount awarded be so flagrantly outrageous and extravagant as to clearly show that the jury was actuated by passion, partiality, prejudice, or corruption. Beatrice Creamery Co. v. Bagley, 173 Okla. 188, 47 P. 2d 87.

From the evidence it appears that plaintiff is a housewife residing upon a farm with her husband, and prior to the time of the injuries complained of by her had been able to do her housework, gardening, canning of vegetables and fruits and other ordinary duties performed by a housewife on a farm. At the time of the injuries she was 60 years of age, and the parties stipulated that according to the mortality tables she had a life expectancy of thirteen and one-half years. She testified that since the injury, which was chiefly to the lower part of her back, she had been unable to do housework of any kind, and could not bend over in any direction without suffering pain; that it was necessary to have the frequent attendance of a physician to relieve the pain and suffering she daily endured because of the injury, and that it was necessary to have someone assist her in doing any ordinary housework. Her testimony in this respect was supported by the testimony of three physicians, one of whom, her family physician, testified that while prior to the accident she had complained of rheumatism in her knees to some extent, her health had in general been good and his attendance upon her had been very infrequent, but that since the date of her injury he had been called upon frequently to attend her and to do what he could to relieve her suffering. Two other physicians testified that X-ray revealed the fracture of one of her lumbar vertebra, and that at her age her condition would be permanent. They testified that by wearing a brace which rendered her back immobile she might alleviate some of her pain and suffering, but that she would never be able to perform her usual duties without suffering severe pain. All the doctors testified that this condition would be permanent during the remainder of her life. There was no testimony to the contrary.

Defendants call attention to numerous cases in which this court and other courts have held verdicts for personal injuries excessive, citing Coca Cola Bottling Co. v. Black, 186 Okla. 596, 99 P. 2d 891; Sloan v. Anderson, 160 Okla. 180, 18 P. 2d 274; Yellow Cab Operating Co. v. Thompson, 184 Okla. 179, 86 P. 2d 310, and other cases from other jurisdictions.

In the Oklahoma cases above cited it appears that there was no substantial evidence tending to prove or establish that the injuries received were permanent, or that the plaintiffs in those cases would not fully recover in a reasonable length of time. In the instant case, as pointed out above, the testimony definitely establishes a permanent condition of practically total incapacity to perform ordinary household duties without severe pain and suffering, and further establishes a condition whereby the plaintiff suffers pain with almost every movement of her body. Defendants argue that since the span of life left to the plaintiff is only thirteen and one half years she is not entitled to such an excessive sum. The cases cited by them were all decided several years prior to the present time. In Bucktrot v. Partridge, 130 Okla. 122, 265 P. 768, we called attention to the fact that where the purchasing power of a dollar is much less than it was when prior decisions were rendered, the tendency is to allow larger verdicts to stand than those which were formerly permitted. In this connection see Buswell v. City and County of San Francisco, 89 Cal. A. 2d 123, 200 P. 2d 115. In view of all the facts and circumstances in this case we are unable to say that the verdict is excessive.

Defendants next contend that the case should be reversed because of improper argument by counsel for plaintiff. Plaintiff counters with the assertion

that defendants made no objection and saved no exception to the argument.

·An examination of the record discloses that in the opening argument counsel for plaintiff called attention to the bond made by E. M. Kellar & Company, whereupon counsel for E. M. Kellar & Company objected and moved for a mistrial, which was by the court denied, since the bond had been introduced in evidence. This seems to be the only objection taken to the argument of counsel for plaintiff, and in no place in the record do we find any objection made or exception taken to his argument by the attorneys for the defendants, who are plaintiffs in error here.

In Levy v. Tharrington, 178 Okla. 276, 62 P. 2d 641, and again in Phillips Petroleum Co. v. Myers, 202 Okla. 151, 210 P. 2d 944, decided in 1948, we said:

· "This court cannot review the question of alleged misconduct of counsel in making inflammatory argument to a jury unless an objection is seasonably made and an exception properly taken."

We therefore hold that this question is not open to review in this court.

For their third contention defendants say that the trial court erred in permitting the insurance carrier to be joined with the bus company as a party defendant. They admit that this court has heretofore held that such joinder was proper but insist that such holding misconstrues 47 O. S. 1941 §169. We have consistently held to the contrary. In All American Bus Lines v. Saxon, 197 Okla. 395, 172 P. 2d 424, we held that such joinder was proper, citing numerous prior decisions of this court so construing the statute. In view of this uniform line of decisions, we do not think the question is open to re-examination at this time.

For their last contention defendants urge that the trial court erroneously instructed the jury in instruction No. 21. In that instruction the court told the jury that they could consider wheth-er the injuries received by plaintiff were temporary or permanent, and whether plaintiff in the future would undergo pain and suffering. Defendants contend that the evidence was insufficient to justify the trial court in submitting the question of future pain and suffering to the jury, citing Sloan v. Anderson, supra. As we pointed out above, the evidence in that case did not establish that plaintiff's injuries were permanent, and the physician who testified stated that he could not definitely say that the pain and suffering resulted from the injuries she had received. In the instant case all the physicians who testified stated positively and unqualifiedly that the pain and suffering of plaintiff were due to the injury she had received, and would continue during the length of her life. This evidence was sufficient to justify the giving of the questioned instruction.

Affirmed.