## OKLAHOMA RAILWAY CO. v. KELLEY.·

No. 33950. Feb. 6, 1951.

Rehearing Denied March 20, 1951.

229 P. 2d 182.

Richardson, Shartel & Cochran and M. R. Baker, Oklahoma City, for plaintiff in error.

John F. Eberle and John C. Moran, Oklahoma City, for defendant in error.

LUTTRELL, V.C.J. This is an action for personal injuries, brought by the plaintiff, John P. Kelley, against the defendant, Oklahoma Railway Company. The trial court overruled defendant's demurrer to the evidence and its motion for directed verdict, and submitted the cause to a jury, which returned a verdict for the plaintiff in the sum of $6,000 on his first cause of action, and $110 on his second cause of action. Judgment was rendered on the verdict, and defendant appeals.

In his first cause of action plaintiff alleged that while he was a passenger on one of defendant's busses, riding on the rear seat of the bus, the driver drove the bus into the intersection of Northwest Sixth street and Indiana avenue in Oklahoma City; that in crossing said intersection he drove across two dips or depressions in the street, causing the bus to bounce and jerk, and throwing the plaintiff off the seat and onto the floor of the bus, causing serious injuries. He alleged that the driver was negligent in driving into the intersection at an excessive rate of speed, and in driving into and across said intersection and across the dips at a careless and negligent rate of speed. In his second cause of action he asked for medical expenses in the sum of $125, and additional medical expenses which would be necessary for him to incur in the amount of $375. Defendant's answer was a general denial and a plea of contributory negligence.

Defendant first contends that the evidence was not sufficient to justify the submission of the question of negligence to the jury, and that the trial court erred in overruling its motion for directed verdict. The evidence produced by plaintiff showed that he was 68 years of age, and that he did landscaping and other yard work, earning approximately $35 or $40 per week at such occupation; that on the date in question he was riding on a southbound bus operated by defendant; that the bus driver, while driving at a speed of from 30 to 40 miles per hour, entered the intersection of Indiana and Sixth streets at a point where there were two bad dips in the pavement, and that the bus driver drove across said dips without slackening his speed, causing plaintiff, who was seated on the back seat of the bus, to be thrown into the air and upon the floor of the bus, severely injuring his back. Another passenger on the bus, who was also seated in the back seat, testified that when the driver approached the first dip without slackening speed the witness attempted to hold on to the bus, but was thrown into the air high enough so that his head struck the ceiling of the bus. Two physicians testified that plaintiff's back was severely injured, and that the injury, in their opinion, was the direct result of the fall which plaintiff sustained on the bus. Defendant introduced no testimony controverting the testimony of plaintiff's witnesses as to the rate of speed at which the bus was traveling, or that the bus was severely jolted by crossing the dips at that rate of speed, but introduced a physician who testified that from his examination of the plaintiff it was his opinion that plaintiff's back condition did not result from his injury on the bus. The physicians introduced by plaintiff testified that his condition was permanent and would wholly incapacitate him from pursuing his occupation as landscape gardener and yard worker.

Defendant urges that there was no presumption of negligence for the reason that the defendant was not responsible for the condition of the street, and that the driver was justified in assuming that the street was reasonably safe for travel, citing Karp v. Powers, 12 La. App. 518, 124 So. 781; Osborne v. Galusha, 143 Wash. 127, 254 P. 1086; Teche Lines, Inc. v. Keyes, 187 Miss. 780, 193 So. 620, 126 A.L.R. 1080, and other similar cases. Examination of these decisions, many of which are analyzed in the note in 126 A.L.R.

1084, shows that in those cases the defects in the street or highway were not visible and apparent, and the courts held that in such case the driver was not at fault when, in the exercise of due care and caution, he drove the bus upon the defective portion of the street or highway to the injury of a passenger.

These cases are easily distinguishable from the instant case, in that in the instant case, according to the testimony, the dips in the pavement were visible and apparent, and if the driver, upon observing them had exercised reasonable care and slackened his speed, the severe jolting of the bus and the consequent injury of the plaintiff would have been avoided. We are unwilling to hold that the presumption that the city will keep the streets in a state of good repair, so that they are safe for travel, relieves the driver of a bus transporting passengers for hire from exercising any care to avoid visible defects, or excuses his failure to exercise reasonable care and caution to avoid injury to his passengers. 13 O.S. 1941 §32, requires a carrier of persons for reward to use the utmost care and diligence for their safe carriage, and a failure to perform such duty would be negligence. The testimony was sufficient to justify the submission of the question of defendant's negligence to the jury. Denco Bus Co. v. Keller, 202 Okla. 263, 212 P. 2d 469. The trial court did not err in overruling the motion for directed verdict.

Defendant also contends that the verdict and judgment in the amount of $6,000 on plaintiff's first cause of action was excessive, citing Sloan v. Anderson, 160 Okla. 180, 18 P. 2d 274; Ice v. Gardner, 138 Okla. 496, 83 P. 2d 378, and other cases.

In Jordan Bus Co. v. Garnand, 203 Okla. 623, 225 P. 2d 173, we had occasion to consider a similar contention. In that case a 60-year old housewife, injured as the result of negligence on the part of the bus company, was awarded a verdict of $12,000, and the defendant contended that it was greatly excessive. In upholding the verdict we noted the fact that the cases cited in support of the contention that the verdict was excessive were all decided several years prior to the present time, and that in Bucktrot v. Partridge, 130 Okla. 122, 265 P. 768, we called attention to the fact that where the purchasing power of a dollar was much less than it was when prior decisions were rendered, the tendency was to allow larger verdicts than those which were formerly permitted, citing also Buswell v. City and County of San Francisco, 89 Cal. App. 123, 200 P. 2d 115.

In the instant case, while plaintiff was 68 years of age, the evidence showed that prior to the accident he had been strong and ablebodied, earning from his labors the sum of from $35 to $40 per week, and that by the injury he was wholly incapacitated from doing any form of manual labor. In such case, under present conditions, we do not consider the verdict excessive.

Affirmed.