Catherine **HITCHCOCK**, Administratrix of the Estate of Claud Hawkins, deceased, Appellant,

v.

**Cecil E. WEDDLE**, Appellee.

No. 6770.

United States Court of Appeals Tenth Circuit.

May 25, 1962.

Duke Duvall and Jack H. Coleman, Oklahoma City, Okl., for appellant.

Stipe & Gossett, McAlester, for appellee.

Before PICKETT and HILL, Circuit Judges, and CHRISTENSON, District Judge.

HILL, Circuit Judge.

This is a civil action to recover damages for personal injuries. It arises from a collision between two vehicles, a truck owned and operated by appellee, Cecil E. Weddle, who was plaintiff below, and an automobile owned and driven by one Claud Hawkins. The case was brought by Weddle against Hawkins' personal representative in the District Court of Pittsburg County, Oklahoma, and thereafter removed to the United States District Court for the Eastern District of Oklahoma.

The record discloses that Weddle was driving his pickup truck in a westerly direction on U. S. Highway #270 west of the city limits of McAlester, Oklahoma. Hawkins was driving his automobile in an easterly direction on the same highway. Immediately prior to the accident, Hawkins drove his automobile off of the highway onto the south side, knocked down three guard posts, traveled approximately 327 feet east in the south ditch and then came upon the highway traveling 51 feet further, crossing the center line and striking Weddle's vehicle which was on the north side of the highway.

The case was tried to a jury which resulted in a verdict for the plaintiff in the amount of $22,000.00. The defendant moved for judgment notwithstanding the verdict, and for a new trial. Both motions were denied and the defendant has appealed.

▮ The appellant now contends only that the verdict is grossly excessive and the trial court abused its discretion in not granting a new trial.

The facts as established by the plaintiff's evidence are these. At the time of the accident, the plaintiff was 52 years old, with a life expectancy of 19.91 years. He was in good health, and able to perform ordinary manual labor. As a result of the accident, the plaintiff suffered a fractured left foot, a back injury, a bruise over the right shoulder, posteriorly, swelling and abrasions over the right knee. The left foot was kept in a cast for a period of time. He was confined in the hospital from April 27, until May 29, 1959, and again for a period of 3 days during the following August for further treatment and examination.

Dr. G. C. Wisdom, a medical expert called by the plaintiff, testified that he had examined plaintiff the day prior to the trial and found spasm in the paravertebral muscle in the lumbar area, tenderness to palpation along the lumbar spine and slight limitation of motion in the back. He further testified on cross-examination that the X-rays of the plaintiff showed narrowing of the 5th posterior one-half of the 5th lumbar spine. On redirect, Dr. Wisdom testified that in his opinion all of these injuries were due to the accident of April 27, 1959.

Dr. Port Johnson, an orthopedic specialist, testified that he had examined the plaintiff on December 1, 1959, and found muscle spasm along the border of the spine through the lumbar area from the ribs down to the waist, tenderness over the back both in the middle and the left of the mid-line, at the lowest joint in the back and also found limitation of his ability to raise the left leg with the knee

straight. The reflexes in the lower extremities on the left side were decreased as compared to those on the right. X-rays of the left foot showed a healed fracture with some remaining deformity in the region of the neck of the 5th metatarsal. X-rays of the lumbar spine disclosed narrowing of both the lowest joint and the one just above the lowest joint, and also showed hypertrophic changes around the borders of the joint in the lower back. Dr. Johnson further testified that, in his opinion, plaintiff had sustained a fracture to the left foot with some thickening and limitation of motion in the joints of the foot, that he had an acute strain of the lower back involving the rupture of one of the lower intervertebral discs, which accounted for his leg pain, atrophy and neurological changes and that he had diabetes which may or may not have been aggravated by the shock attendant at this accident, and, that these injuries would be painful and that plaintiff was totally and permanently disabled for the performance of ordinary manual labor.

The defendant offered the testimony of Dr. William Dandridge, an orthopedic surgeon, who testified that he found that plaintiff walked with a moderate limp, with evidence of atrophy of the entire lower left extremity and also moderate limitation of motion in the lumbar spine in all planes of movement. He had moderate paravertebral lumbar muscle spasm. He had an absence of the Achilles tendon reflex on both sides and that its absence means that there is some lack of impulses getting to that, either because of pressure on the nerve at some level or to degenerative changes that have been there for a long period of time.

The testimony of Dr. Dandridge substantiates the findings of the physicians called by the plaintiff with the exception that he found that plaintiff had "a moderate degree of permanent disability resulting from these multiple injuries."

Prior to the accident, the plaintiff was in good health and able to perform ordinary manual labor free from any previous disability. Since the accident, he has not been able to return to his normal activities and the evidence substantiates his continued disability. His life expectancy of more than 19 years is an important factor in reaching our decision.

One injured by a wrongful or negligent act or omission of another is entitled to fair and just compensation commensurate with the loss or damage sustained. Kurn v. Manley, 194 Okl. 574, 153 P.2d 623; Denco Bus Lines v. Hargis, 204 Okl. 339, 229 P.2d 560; Midland Valley R. Co. v. Barton, 191 Okl. 359, 129 P.2d 1007; 23 Okl.St.Ann. § 61; Ohio Oil Company v. Elliott, 10 Cir., 254 F.2d 832; 15 Am.Jur., Damages, § 12.

The Oklahoma Supreme Court has repeatedly held that in determining whether a verdict is excessive, each case must stand on its own facts and circumstances. Oklahoma Ry. Co. v. Strong, 204 Okl. 42, 226 P.2d 950; Jones v. Eppler, Okl., 266 P.2d 451; St. Louis-San Francisco Ry. Co. v. Fox, Okl., 359 P.2d 710.

The amount assessed by the jury will not be disturbed because excessive unless a just mind is forced to the conclusion that the jury has either failed to comprehend the case or has been influenced by passion or prejudice. Jordan v. Johnson, Okl., 315 P.2d 234; Green v. Burns, 204 Okl. 415, 230 P.2d 892; Snowden v. Matthews, 10 Cir., 160 F.2d 130; Franklin v. Shelton, 10 Cir., 250 F.2d 92, cert. den., 355 U.S. 959, 78 S.Ct. 544, 2 L.Ed.2d 533; Chicago, Rock Island & Pacific Railway Co. v. Kifer, 10 Cir., 216 F.2d 753. No contention is made here of any influence by passion or prejudice.

In this case we are unable to say that the verdict was excessive or that there were any fundamental errors affecting the substantial rights of the defendant. The rule has long been established in this Circuit and in Oklahoma that if the jury's verdict is supported by any evidence reasonably tending to sustain the verdict and judgment, the same will be affirmed on appeal. Porter v.

Manes, Okl., 347 P.2d 210; McClellan v. Palmer, 184 Okl. 216, 86 P.2d 325; Stanley v. Sweet, 202 Okl. 448, 214 P.2d 906; Jordan v. Johnson, supra, 315 P.2d 234; Superior Ins. Co. v. Miller, 10 Cir., 208 F.2d 700; Merrill v. Beaute Vues Corp., 10 Cir., 235 F.2d 893; Dyess v. W. W. Clyde & Co., 10 Cir., 132 F.2d 972; Penn Mut. Life Ins. Co. v. Tilton, 10 Cir., 84 F.2d 10; Hammond v. Tate, 10 Cir., 83 F.2d 69, 105 A.L.R. 433.

The judgment is affirmed.