GREYHOUND CORPORATION, a corporation, Appellant,

v.

Paul F. JONES, Appellee.

No. 7379.

United States Court of Appeals
Tenth Circuit.

Feb. 20, 1964.

James F. Culver, Denver, Colo. (Edward G. Knowles and Clayton D. Knowles, Denver, Colo., on the brief), for appellant.

Charles J. Onofrio, Denver, Colo. (James B. Radetsky, Jules Ornstein, Denver, Colo., and Richard F. Waters, Junction City, Kan., on the brief), for appellee.

Before PICKETT, LEWIS, and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Appellee, a fare paying passenger upon one of appellant Greyhound's buses, slipped and fell when alighting from the bus at the Denver terminal. In an action for damages for the injuries so sustained a jury awarded to appellee the amount of $12,500 and judgment was entered accordingly. Greyhound appeals, contending that the evidence is insufficient to establish negligence upon the part of the bus line, that the evidence establishes the contributory negligence of appellee as a matter of law, that the court erred in its instruction, and that the amount of the verdict is grossly excessive.

■ Although Greyhound makes a strong argument that appellee should not be allowed recovery, its argument lacks appellate merit because it is premised upon an analysis of credibility and the weight of the evidence rather than the lack of any evidence to support appellee's claim. Appellee testified unequivocally that when he alighted from the bus the steps were very icy, a condition he did not see until after he fell because the steps were in shadows. The Greyhound bus driver, testifying as appellant's witness, stated that he alighted from the bus before any of the passengers so as to assist them, that he looked at the steps at that time and they were completely dry and clear, and that no passenger other than appellee had any difficulty leaving the bus. Other evidence was capable of inferential support to either version of the condition of the steps. When the bus left Cheyenne, Wyoming, the steps were clear but the weather was extremely cold and it was snowing en route to Denver. The bus stopped five times at railroad crossings and the bus door was "cracked" open at each stop, allowing for the possible entry of snow upon the steps. The jury, performing its classic function of determining credibility, could well find that appellee, using due care for his own safety, fell upon icy steps.

■■ The high degree of care that a carrier must exercise for the safety of its passengers extends to the opportunity to safely alight. Atchison, T. & S. F. Ry. v. Shean, 18 Colo. 368, 33 P. 108, 20 L.R.A. 729. But, as appellant correctly points out, liability cannot be predicated upon the existence of icy steps unless the carrier knew, or should have known, of the dangerous condition in time to remedy it. See annotations in 9 A.L.R.2d 943; 117 A.L.R. 522. Appellant thus contends that there is no evidence that the company had notice of the icy condition of the steps and that the court did not properly instruct upon the issue.

■ Neither contention has merit. The primary thrust of Greyhound's defense was, as we have indicated, bottomed upon the claim that the steps were not in fact icy. The company, through its driver, asserted that it knew of the condition of the steps and that the condition was clear and dry. Since the company positively acknowledged that it knew of the condition of the steps the potential issue of notice was removed from the case and the factual issue to be submitted to the jury was the determination of what the condition of the steps was. And the trial court, although rejecting appellant's proffered formal instruction on notice,[1] nevertheless fully and correctly instructed the jury thus:

"Basically, the issues for the jury's consideration are these:

"First, whether there was an accumulation of snow and ice on the steps of the bus which caused the plaintiff to slip and fall.

"Secondly, whether the defendant Greyhound Corporation, was thereby negligent in allowing such a condition to exist, failing to discover it if it did exist, and

"Thirdly, whether the plaintiff was negligent in failing to discover the condition or in failing to exercise prudence in descending the steps in view of the condition."

■■ Finally, appellant asserts that the judgment is excessive. This court will not disturb a jury's award in an unliquidated tort claim unless such award is so excessive or inadequate as to raise an irresistible inference that passion, prejudice, corruption or other improper cause has invaded the verdict and thus shocks the judicial conscience. Barnes v. Smith, 10 Cir., 305 F.2d 226; Hitchcock v. Weddle, 10 Cir., 304 F.2d 735. In the case at bar appellee, a non-commissioned officer in the United States

---

1. "Only when it is shown that the carrier, in this case Greyhound Corporation, had actual or constructive notice of a hazardous condition in time to correct it and failed to do so can it be held liable."

Army, suffered injuries resulting in a permanent partial disability, was hospitalized for 30 days, and lost his rating for proficiency pay. Although the trial court indicated "surprise" at the amount of the verdict, a motion for new trial was denied in such regard. We find no abuse of discretion in the ruling.

The judgment is affirmed.