Bert CALDWELL, Plaintiff in Error,

v.

H. F. (Jack) CAMBRON, Defendant in Error.

No. 41318.

Supreme Court of Oklahoma.

Opinion Filed July 5, 1966.

Recalled, Refiled Nunc Pro Tunc Sept. 4, 1965.

Supplemental Opinion Aug. 2, 1966.

A. James Gordon and Leon G. Belote, McAlester, for plaintiff in error.

Lonnie W. Brown and Ellis M. Brown, Brown, Brown & Brown, McAlester, for defendant in error.

HALLEY, Chief Justice.

The present action for damages arose from an altercation between H. F. (Jack) Cambron, plaintiff below, and Bert Caldwell, defendant below. The jury verdict was in favor of Cambron, and Caldwell, the defendant below, appeals. The parties will be referred to herein as they appeared below.

In the action, as originally brought, plaintiff joined defendant's employer, M. & P. Stores, Inc., an Oklahoma corporation, as a party defendant. At the end of the trial, a demurrer was sustained as to the employer, and plaintiff's petition as to it was dismissed. The jury awarded plaintiff $2,000.00 as actual damages and $5,000.00 as exemplary damages. Defendant made no recovery on his cross-petition for damages.

In the petition filed by plaintiff, and which he went to trial on, he alleged two causes of action: damages for physical pain, mental anguish and disfigurement in the sum of $25,000.00 and incurred medical expense in the sum of $43.00. His second cause of action was for $15,000.00 for exemplary damages.

Defendant assigns two errors on appeal. First, that the trial court erred in submitting to the jury Instruction No. 8, in which the jury was instructed on issues not raised by the pleadings and not supported by the evidence, and secondly, the trial court erred in allowing excessive actual and exemplary damages, which appear to have been given under the influence of passion or prejudice. Both of the above issues were raised by defendant on his motion for a new trial, which was overruled by the trial court.

A detailed resume of the evidence in the case is not necessary for a determination of the issues above raised. Suffice it to say at this point, that the evidence showed that a fight took place between the parties, and plaintiff sustained injuries, by being bitten, by the defendant, on and about his face.

Instruction No. 8, given by the trial court, is as follows:

"Should you find from a preponderance of the evidence, under the instructions, in favor of the plaintiff, then you may assess his recovery for such damages, if any, which you find from the preponderance of the evidence, were sustained by plaintiff as a direct and proximate result of the accident, and which must not be oppressive or unconscionable, but which you find will fairly and reasonably compensate the plaintiff insofar as the same may be computed in money, and in this regard you may take into consideration the age of the plaintiff, the physical condition of plaintiff immediately before and after the accident; the nature and extent of his injuries, if any; whether the injuries, if any, are permanent or otherwise. The physical impairment, if any, the pain and suffering endured and likely to be endured in the future, if any. And you may take into consideration the damage by reason of the scars alleged to be on plaintiff's face, his humiliation and damage to his

appearance, and award such sum as you determine will reasonably compensate plaintiff therefor, not to exceed, in any event, the amount sued for, to-wit: $40,043.00."

"You are instructed that the plaintiff in his second cause of action prays judgment against defendant, Caldwell, for exemplary damages, and in this connection you are instructed that if defendant, Caldwell inflicted damages upon the plaintiff in a wilful and wanton manner in violation of the laws of this state and without provocation from the plaintiff, you may assess punitive damages against defendant but as set out above, in no event shall actual punitive damages exceed the sum sued for, to-wit: $40,043.00."

Plaintiff's medical evidence, with respect to his injuries, indicated that he had sustained several lesions about his face as a result of the fight; that these lesions were all human bites; that one of the lesions left a scar on the left cheek of plaintiff; that plaintiff suffered great pain because of the lesions; that the scar on the left cheek was permanent; that the scar would be a source of embarrassment to the plaintiff and a point of difficulty in shaving because of ingrown hairs.

Plaintiff testified as to the pain he experienced from the bites and as to the treatment he received from his doctor, and that he suffered embarrassment when asked about the scar on his face.

■■■ It is clear from the testimony of the doctor and of the plaintiff, referred to above, that the trial court was justified in giving that portion of Instruction No. 8 which is the subject of defendant's first assignment of error. Additionally, the injury (scar) was of such a nature that it was obvious to the jury, and the jury was qualified to determine such factors from their observation alone. As was stated in the early case of Shawnee-Tecumseh Traction Co. v. Griggs, 50 Okl. 566, 151 p. 230, which rule was followed in the recent case

of Edwards et al. v. Chandler, Okl., 308 P.2d 295:

"The corollary, or other part of this rule, is that where the injury is objective, and is plainly apparent from the nature of the injury, that the injured person must of necessity undergo pain and suffering in the future, the jury may infer that fact from proof of such an injury alone."

■■■ A careful review of the evidence pertaining to the portion of Instruction No. 8 complained of by defendant convinces us that this Instruction, when considered with the other Instructions given by the court, was not prejudicial to the defendant. Instructions to a jury must be construed together, as a whole, and if, when so considered, they properly state applicable law, they are sufficient. See St. Louis San Francisco Ry. Co. v. Farrell, Okl., 263 P.2d 518.

Defendant also argues that the trial court erred in allowing excessive actual and exemplary damages appearing to have been given under the influence of passion and prejudice, and that by reason thereof a new trial should have been granted.

■■■ The well established general rule is that unless there has been an abuse of discretion, the trial court's ruling on a motion for new trial on the ground that the damages are excessive, will not be reviewed. 5A C.J.S. Appeal & Error, § 1626; Jordon Bus Co. v. Garnand, 203 Okl. 623, 225 P.2d 173; Bucktrot v. Partridge, 130 Okl. 122, 265 P. 768. There is no evidence in the record to indicate passion and prejudice toward defendant on the part of the jury, and unless we are able to say by the amount of the verdict alone that such existed, we must also overrule this assignment of error. The evidence of plaintiff and his physician and other witnesses was sufficient to convince the jury that the defendant was the aggressor in the altercation. The nature and the manner in which the injuries were inflicted upon the plaintiff were so gross and uncalled

for that we will not interfere with the amount awarded by the jury, either as to actual or exemplary damages. As stated in John A. Brown Co. v. Clause, 205 Okl. 122, 235 P.2d 680, at page 685:

"It was the function of the jury to properly evaluate these matters. It was in a position to see the plaintiff and the witnesses and in a better position to evaluate the damages than this court on appeal."

The question of excessive damages was raised by defendant in his motion for a new trial, and after due deliberation the motion was overruled without any reduction of the recovery allowed by the jury.

Applying the rules announced herein we find no error, and therefore the judgment is affirmed.

Affirmed.

WILLIAMS, IRWIN, BERRY and LA-VENDER, JJ., concur.

JACKSON, V. C. J., and DAVISON, J., concur in result.

BLACKBIRD and HODGES, JJ., concur in part and dissent in part.

## SUPPLEMENTAL OPINION

HALLEY, Chief Justice.

Lonnie W. Brown, one of the attorneys for H. F. (Jack) Cambron, defendant in error, filed herein on July 14, 1966, suggestion of death of Bert Caldwell, plaintiff in error, on April 22, 1966. This cause was submitted on September 4, 1965 and death was shown to have occurred between the date of submission of the cause and the approval of the opinion by this Court. While the fact of death between the submission of the cause and decision does not impair the validity of the judgment, in order to preserve all rights thereunder, said decision and opinion filed herein on July 5, 1966 is hereby recalled and set aside and the Clerk of this Court is directed to refile said opinion and enter judgment of this Court in this cause nunc pro tunc as of September 4, 1965, the date when said cause was submitted. Smith et al. v. Kimsey, 192 Okl. 618, 138 P.2d 94; Allen v. Palmer, 201 Okl. 673, 209 P.2d 502.

JACKSON, V. C. J., and DAVISON, WILLIAMS, IRWIN, and BERRY, JJ., concur.