UNITED STATES of America, Appellant,

v.

OKLAHOMA CITY RETAILERS ASSOCIATION, Appellee.

No. 7432.

United States Court of Appeals
Tenth Circuit.

May 6, 1964.

Michael I. Smith, Atty. Dept. of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attorneys, Department of Justice, and B. Andrew Potter, U. S. Atty., on the brief) for appellant.

Roy C. Lytle, of Lytle, Soule & Emery, Oklahoma City, Okl., for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Appellee, Oklahoma City Retailers Association, brought this action in the court below against appellant, United States of America, to recover federal income taxes paid by it pursuant to a deficiency assessment. The appeal is from a judgment, entered upon a jury's answers to special interrogatories, in favor of appellee. The question presented is whether appellee is exempt from federal income taxation as a "business league" within the meaning of § 501(c) (6) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 501(c) (6).

Oklahoma City Retailers Association was organized as a non-profit corporation in 1916. Its articles of incorporation provide that one of the purposes of its formation is to "reorganize, conduct, administer and maintain a Credit Rating Bureau and collection department for the exclusive use and service of members." The Association's membership consists of approved persons, firms and corporations located in Oklahoma City and engaged in business there. A member is required to enter into a membership contract under the terms of which he or it agrees to: (1) Employ "the Association as its agent to obtain and furnish for its sole use and benefit, information concerning the character, general standing, financial standing, responsibility and paying habits of individual citizens, and to furnish other special items of information of this char-

acter from time to time"; (2) use a minimum amount of monthly services to a specified price or pay the Association a specified minimum monthly fee; and (3) furnish the Association, on request, with any information which he or it has concerning the credit standing, paying habits and transactions of any customer, client or patient. The contract also provides for and sets forth a fee schedule to be paid by a member for the Association's Credit Bureau services.

Appellee did not operate a collection department during the years in question but did disseminate credit information obtained from its members and, at the time of trial, had credit information pertaining to approximately 500,000 people. The charges appellee made for its services in this respect make up almost all of its gross income which in 1956 amounted to $193,947.94 and it paid out all but $2,423.81 of that amount. The Association employs approximately 65 people and all of their time is spent on the credit information service except that of two of the employees who spend 10% of their time "on retail promotions and public relations."

The evidence shows that the Association, in response to an inquiry, reports to the inquiring member as to other credit granter's experience with the person who is the subject of the inquiry. It does not make any comment upon whether that person's credit rating is good or bad but, rather, confines itself to passing on information concerning the experience that other members have had with the individual in question.

The evidence also shows that on June 11, 1940, after having previously ruled to the contrary on three separate occasions, the Internal Revenue Service issued a ruling wherein it determined that appellee was a "business league" and therefore exempt from federal income taxation for the period from November 30, 1917, to November 30, 1937. Thereafter and beginning in 1940, the Association filed information returns on Form 990, the form required for a tax-exempt corporation under § 54(f) of the Internal Revenue Code

of 1939, ch. 289, 52 Stat. 477, and § 6033 of the 1954 Code, 26 U.S.C.A. § 6033. In rulings dated October 29, 1958, and May 6, 1959, the Internal Revenue Service redetermined the Association's status and held that it was not a tax-exempt "business league" within the meaning of § 501. Deficiency assessments for taxes, penalties and interest were made against appellee for the period beginning with its fiscal year ending on November 30, 1944, and continuing to the year ending November 30, 1959. The deficiencies were paid and this suit for refund was commenced.

The United States moved for directed verdict in its favor at the close of the Association's case and, also, at the close of its own case, but the motions were denied. The United States also requested that the issue as to whether appellee was a "business league" be taken from the jury. The court denied this request and, after instructing the jury, submitted the case on special interrogatories which were answered by the jury in appellee's favor.[1]

The motion of the United States for judgment notwithstanding the verdict was overruled and judgment was entered for the Association, from which this appeal was taken.

■ Section 501(c) (6) exempts from federal income taxation all "[b]usiness leagues * * * not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual." The term "business league" is defined in a treasury regulation first promulgated in 1929,[2] the validity of which has been upheld as a correct interpretation of the legislative intent. Apartment Operations Ass'n v. Commissioner of Internal Revenue, 9 Cir., 136 F.2d 435; Northwestern Municipal Ass'n v. United States, 8 Cir., 99 F.2d 460; Evanston-North Shore Board of Realtors v. United States, Ct.Cl., 320 F.2d 375, cert. denied, 376 U.S. 931, 84 S.Ct. 700, 11 L.Ed.2d 650. Thus, in order to qualify as a tax-exempt business league under the statute and regulation, the one claiming the exemption must meet the

1. Those questions and the answers are as follows:

"Interrogatory No. 1: Under the aforementioned provisions of the United States Revenue Code and Treasury Department Regulation with reference to a 'business league', and the evidence in this case, do you find that the plaintiff during the years involved was a 'business league', and thereby exempt from corporate income taxes.

"Answer: Yes

"Interrogatory No. 2: Do you find that the plaintiff, during the years involved, exercised good faith in filing only the information type non-taxpaying return and not the corporate income tax return.

"Answer: Yes

"Interrogatory No. 3: Do you find that the plaintiff had reasonable cause and was not guilty of wilful neglect in failing to file a corporate income tax return for the years involved.

"Answer: Yes"

2. Treas.Reg. § 1.501(c) (6)–1 provides: "A business league is an association of persons having some common business interest, the purpose of which is to promote such common interest and not to engage in a regular business of a kind ordinarily carried on for profit. It is an

organization of the same general class as a chamber of commerce or board of trade. Thus, its activities should be directed to the improvement of business conditions of one or more lines of business as distinguished from the performance of particular services for individual persons. An organization whose purpose is to engage in a regular business of a kind ordinarily carried on for profit, even though the business is conducted on a cooperative basis or produces only sufficient income to be self-sustaining, is not a business league. An association engaged in furnishing information to prospective investors, to enable them to make sound investments, is not a business league, since its activities do not further any common business interest, even though all of its income is devoted to the purpose stated. A stock or commodity exchange is not a business league, a chamber of commerce, or a board of trade within the meaning of section 501(c) (6) and is not exempt from tax. Organizations otherwise exempt from tax under this section are taxable upon their unrelated business taxable income." (1954–1960 Regulations, Mertens Law of Federal Income Taxation, pp. 857–858.)

following conditions: (1) It must be a business league; (2) it must not be organized for profit; (3) it must be an organization no part of the net earnings of which inures to the benefit of any private shareholder or individual; (4) it must be an association of persons, incorporated or unincorporated, having common business interests the purpose of which is to promote those common interests; (5) its activities must be directed at improving the business conditions of one or more lines of business and not particular services for individual persons, and (6) it may not engage in a business ordinarily carried on by businesses for profit. If any of these conditions are not met, the exemption is not applicable. See 6 Mertens Law of Federal Income Taxation, § 34.20, pp. 87–92.

 In our consideration of this case, we recognize the rule that if the jury's verdict is supported by substantial evidence reasonably tending to support it, the same will be affirmed upon appeal. Hitchcock v. Weddle, 10 Cir., 304 F.2d 735; Denver and Rio Grande Western Railroad Company v. Conley, 10 Cir., 293 F.2d 612; Miller's Nat. Ins. Co., Chicago, Ill. v. Wichita Flour Mills Co., 10 Cir., 257 F.2d 93. But, where the evidence is without dispute it is the duty and province of the lower court to direct a verdict. Mutual Life Insurance Company of New York v. Bohlman, 10 Cir., 328 F.2d 289. Under the statute and the regulation, in order for the taxpayer to qualify for exemption as a business league, its activities must be "directed to the improvement of business conditions of one or more lines of business as distinguished from the performance of particular services for individual persons." Viewing the evidence, with this test in mind, it is without dispute that the Association chiefly performed "particular services for individual persons", namely, the supplying of credit information to some but not all of its members. It also furnished the same service to non-members and charged them the same fixed fee as required of members. The evidence clearly estab-

lishes that the credit information service constituted a substantial part of appellee's activities. Almost all of its income was derived from performing that service and almost all of the time of its employees was devoted to providing the service. Under these circumstances, we do not believe that appellee meets the conditions imposed by the statute and regulations and it is not entitled to the statutory exemption. See Credit Managers Ass'n of Northern and Central California v. Commissioner of Internal Revenue, 9 Cir., 148 F.2d 41; Apartment Operations Ass'n v. Commissioner of Internal Revenue, supra; Evanston-North Shore Board of Realtors v. United States, supra. It follows that the trial court should not have submitted the issue raised in the first interrogatory to the jury but, rather, should have directed a verdict in favor of the United States.

 The verdict and judgment in this case include the base tax, interest and penalties. The penalties were apparently assessed, for failure to file a return in the years in question, under 26 U.S.C.A. § 6651 which provides that a penalty may be assessed unless it is shown that the failure to file the returns was " * * * due to reasonable cause and not due to willful neglect * * *." The jury by its answers to Interrogatories Nos. 2 and 3 found, upon conflicting evidence, that appellee exercised good faith in filing only the tax-exempt returns and had reasonable cause and was not guilty of willful neglect in failing to file a corporate income tax return for the years involved. This court is bound by that finding and appellee is therefore entitled to a refund for any amounts assessed as penalties. By agreement between the parties, appellee is entitled to recover for all but three years immediately preceding 1960.

The judgment is therefore reversed insofar as it allows the appellee to recover base taxes and interest paid for the 3 years immediately preceding 1960 and is affirmed insofar as it allows recovery of all penalties paid and for base taxes and interest prior to the 3 years preceding 1960.