**John C. MEYERS & Lucy B. Meyers et al., Plaintiffs-Appellants,**

v.

**C & M PETROLEUM PRODUCERS, INC., et al., Defendants-Appellees.**

No. 72-2632.

United States Court of Appeals, Fifth Circuit.

April 10, 1973.

Rehearing and Rehearing En Banc Denied May 24, 1973.

H. Lehman Franklin, Jr., Statesboro, Ga., Hull, Towill, Norman, Barrett & Johnson, Wyckliffe A. Knox, Jr., Augusta, Ga., for plaintiffs-appellants.

William A. Zorn, Jesup, Ga., for defendants-appellees.

Before COLEMAN, MORGAN and RONEY, Circuit Judges.

COLEMAN, Circuit Judge:

Section 77*l*, Title 15, United States Code provides as follows:

> § 77*l*. Civil liabilities arising in connection with prospectuses and communications.

Any person who—

> (1) offers or sells a security in violation of section 77e of this title,

\*   \*   \*   \*   \*   \*

shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

In this appeal the sole issue is whether, under the pleadings and the facts, plaintiffs-appellants waived the right of recovery provided by the above statute.

The District Court submitted the issue to a jury, which found for the defendants, with judgment accordingly. We reverse and remand, with directions that judgment be entered for plaintiffs for the recovery specified by § 77*l*.

C & M Petroleum Producers, Inc., is a Georgia corporation with its principal office and place of business in Jesup, Georgia. The corporation was organized for the purpose of buying and selling mineral leases in gas and oil wells in Ohio. The Company began to offer to sell and deliver these securities to certain residents of Georgia and Florida. The purchasers-appellants paid C & M a total of $23,750 for their interests in the wells. Although no registration statement has been filed with the Securities and Exchange Commission as required by § 5 of the Securities Act of 1933, the mails, telephone, and other means of interstate transportation and communication were employed by C & M in these offers, sales, and deliveries.

Being informed of non-compliance with the registration requirements of the Securities Act of 1933 and the Georgia Securities Act of 1957, C & M wrote purchasers-appellants on May 27, 1969, advising them of the status of the matter and offering to repurchase their interests in the wells. The letter stated:

> "We are advised that as a result of having sold you an interest in the above mentioned gas wells, we are in violation of the Georgia Securities Act of 1957 as amended and the Securities Act of 1933 as amended. These Statutes provide that we should have registered this interest as a security before offering it to you for sale. Consequently, in view of our violation of the Georgia and Federal Statutes, we hereby offer to repurchase from you said interest for the sum of money paid by you for said interest, less any monies received by you therefrom. This offer to repurchase the above described interest from you shall terminate ten days after the date hereof. In other words, you have ten days to decide whether you want to keep your interest or not.

Enclosed is a copy of this letter on which you are requested to indicate your preference. You will also find herewith a stamped, self-addressed envelope in order that you may return the enclosed copy to us promptly. Very truly yours, C & M Petroleum Producers, Incorporated. Herman Morris.

"1. I desire that my interest be repurchased ( ).

"2. I do not desire that my interest be repurchased ( ).

"If we have not received a reply within ten days, we will assume that you wish to keep your interest in the referred well or wells."

The purchasers did not accept this proposal. Their attorney wrote C & M that he felt it impossible to determine the feasibility of accepting or rejecting the purchase offer unless first given data which would reflect the actual value of the securities. This clearly meant that the purchasers did not wish to surrender the securities if they were worth more than had been paid for them. The letter raised no other impediment to the return of the stock. It indicated an unwillingness to accept the remedy provided by the statute.

The purchasers took no further action and the ten day period expired. C & M then revoked the offer to repurchase.

Thereafter, the purchasers received and accepted $1,472.91 in income from the wells.

On December 23, 1969, the purchasers brought suit to recover the consideration paid for the securities, with interest, less the income received therefrom.

As already stated, the District Court allowed into evidence C & M's ten day repurchase offer as bearing on whether the purchasers had waived their rights under §§ 5 and 12(1) of the Securities Act of 1933 [15 U.S.C., §§ 77e and 77ℓ]. The jury found that the purchasers-appellants had waived their rights and judgment was entered for C & M.

Appellants assert two grounds for reversal: that the defense of waiver is not available in a suit arising under § 12(1) of the Act, and that the repurchase offer itself violated the registration requirements of the Act.

■ Since, except for the self-imposed ten day limitation, the C & M letter was an offer to provide the remedy prescribed by statute, we find no merit in the second argument.

This leaves remaining only the contention that by the express provisions of the Securities Act mere waiver was not, and could not be, a defense to this suit.

We recognize, of course, that ordinarily one may waive constitutionally guaranteed rights if it is intentionally and voluntarily done, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

As to the sale of unregistered securities, however, Congress has specifically placed waivers in a different context. 15 U.S.C., § 77n, provides that:

"Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this sub-chapter or of the rules and regulations of the Commission shall be void."

Can-Am Petroleum v. Beck, 10 Cir., 1964, 331 F.2d 331, was a case in which undivided interests in oil and gas leases had been sold in violation of §§ 77e and 77ℓ of the Act. The Court held that the remedial aspects of the Securities Act cannot be waived, either directly or indirectly, citing Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). The appellees here, defendants in the court below, sought to establish a waiver in the manner and form already set forth. Contrary to the general rule applicable to other transactions, this has been expressly prohibited by the Congress for the purpose of making the Act as effective as possible.

■ If C & M had unconditionally tendered the refund of the purchase price together with interest, less income re-

ceived from the securities, coupled with a demand for the return of the securities, and had the purchasers rejected such an unconditional tender and demand they would have impaled themselves upon such an estoppel as recognized by the Court of Appeals for the Ninth Circuit in the cases of Straley v. Universal Uranium and Milling Corporation, 1961, 289 F.2d 370, and Royal Air Properties, Inc. v. Smith, 1964, 312 F.2d 210. What the appellees did was to make an *offer* to repay the purchase price and accept return of the securities, but they imposed their own ten day limitation upon the acceptance of the offer. When the offer was not accepted within the prescribed time the sellers cancelled it, restoring the parties to the position they occupied before the offer was made. While, as the jury found, this could be enough to establish a waiver, it was not enough to create an estoppel, lacking, as it did, an unconditional tender and demand.

■ Our opinion in this case is not to be construed as holding that purchasers of unregistered securities may reject the remedy provided by law when unconditionally tendered and thereafter, at their option, dally around while interest is running and increment is occurring, only to bring suit, at their pleasure, sometime within the statutory period. Such a course is on its face a distortion of the remedy provided by Congress.

Neither is this opinion to be construed as holding that once a purchaser receives such an unconditional tender and demand he may take the attitude of accepting it only if it is to his pecuniary advantage to do so. Without cavil, he must accept or reject. He cannot eat the cake and keep it, too.

Our holding in this case is that while the defendants-appellees established a waiver, the statute permits none.

For these reasons, the judgment of the District Court must be reversed and the cause remanded, with directions as hereinabove set forth.

Reversed and remanded, with directions.

RONEY, Circuit Judge (specially concurring):

I concur in the decision that the failure of the purchasers to accept the repurchase offer of the sellers did not constitute an effective waiver of rights under the statute. The matter is completely within the control of Congress, which provided that

*Any* condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this sub-chapter or of the rules and regulations of the Commission shall be *void*. (Italics added)

Section 14, Securities Act of 1933, 15 U.S.C.A. § 77n. Since apparently an intentional, formal, written waiver executed either before or after the acquisition of securities is void, *a fortiori* any waiver that might be inferred from less formal acts must also be void.

Although I understand the other comments in the opinion to be only an explanation of the holding, I would not pass on the possibility of an estoppel until confronted with a case to which that doctrine might be applicable.